UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DASEAN MUCKLE, on behalf of himself
and those similarly situated,**

        **Plaintiffs,**

v.                                     Case No:  6:14-cv-1824-Orl-40GJK

**HEALTHCARE SUPPORT STAFFING,
INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 29)** |
| **FILED:** | **September 15, 2015** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

The Plaintiff, the opt-in plaintiffs (collectively, the "Plaintiffs"), and Defendant jointly move (hereafter "Motion") the Court to approve their settlement agreement (hereafter "Agreement"), pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq.* (hereafter "FLSA") and to dismiss the case with prejudice.  Doc. No. 29.

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), the Eleventh Circuit addressed the means by which a settlement of compromised FLSA claims may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under

> the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id. See also Sammons v. Sonic-North Cadillac, Inc.*, No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Foods* because it lacked Court approval or supervision by Secretary of Labor). Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of

finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 F. App'x at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id*.[2]   In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.*  When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

[2] In the Eleventh Circuit, unpublished cases are not binding, but are persuasive authority.  *See* 11th Cir. R. 36-2.

improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *See Silva*, 307 F. App'x. at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009). As the Court interprets the *Lynn's Foods* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorneys' fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorneys' fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

This case involved disputed issues of FLSA liability and damages, which constitute a bona fide dispute. *See* Doc. Nos. 1, 9, 13, 19, 24, 29. The parties were represented by independent counsel who are obligated to vigorously represent their clients. *Id.* The parties agreed to settle the Plaintiffs' claims, including attorneys' fees and costs, in exchange for a release of all of Plaintiffs' FLSA claims (*see* Doc. No. 29-1 at 2), for a total amount of $57,400.00, as set forth in the table below:

---

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

| **Plaintiffs** | **Unpaid Overtime** | **Liquidated Damages** | **Total** |
|---|---|---|---|
| DaSean Muckle | $4,787.50 | $4,787.50 | $9,575.00 |
| Carlos Abreu | $1,113.07 | $1,113.07 | $2,226.14 |
| Alisha Griggs | $1,378.58 | $1,378.58 | $2,757.16 |
| John Hall | $620.30 | $620.30 | $1,240.60 |
| Kelly O'Neal | $1,036.59 | $1,036.59 | $2,073.18 |
| Emerson Polanco | $1,390.12 | $1,390.12 | $2,780.24 |
| Christina Rodriguez | $1,115.95 | $1,115.95 | $2,231.90 |
| Amber Simon | $2,750.84 | $2,750.84 | $5,501.68 |
| Moises Vega | $1,133.27 | $1,133.27 | $2,266.54 |
| Catherine Tona | $2,017.81 | $2,017.81 | $4,035.62 |
| Johnathan Echavarria | $538.77 | $538.77 | $1,077.54 |
| Sean Moulder | $1,817.24 | $1,817.24 | $3,634.48 |
| **Total** | | | **$39,400.08** |
| Attorneys' Fees and Costs | | | $18,000.00 |
| **TOTAL** | | | **$57,400.08**[5] |

Doc. Nos. 29-1 at 2-5. Thus, Plaintiffs will receive $39,400.08 and their counsel will receive $18,000.00 under the Agreement. *Id*.

In the Motion, the parties represent that Plaintiffs agreed to compromise their claims based upon: (1) Defendant's potentially successful argument that Plaintiffs were properly classified as exempt under the FLSA; (2) Defendant's position as to the number of hours

---

[5] The Agreement understates the correct calculation of payments to Plaintiffs and their counsel by $.08. *Compare* Doc. No. 29-1 at 3 ($57,400.00) *with* above table. The difference is *de minimis* and does not affect the amounts paid to any of the Plaintiffs or to their counsel. It simply is a calculation error reflected in the total amount of the settlement. Doc. No. 29-1 at 3.

Plaintiffs worked; (3) the complexity, expense, and length of future litigation; (4) and the range of possible, if any, recovery for Plaintiffs.  Doc. No. 29 at 6-8.  Based on the parties' representations, it is **RECOMMENDED** that the Court find Plaintiffs' compromise and the total settlement amount allocated to their respective claims is reasonable.

Under the Agreement, Plaintiffs' counsel will receive $18,000.00 for attorneys' fees and costs.  Doc. No. 29-1 at 5.  In the Motion, the parties represent that the amount of attorneys' fees and costs was negotiated "separately and without regard to the amount paid to Plaintiffs."  Doc. No. 29 at 8.  In *Bonetti v. Embarq Management Co.*, Case No. 6:07-cv-1335, 2009 WL 2371407, (M.D. Fla. Aug. 4, 2009), the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) <u>represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel</u>.

*Bonetti*, 2009 WL 2371407, at * 5 (emphasis added).  Judge Presnell maintained that if the matter of attorney's fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement."  *Id.*  The undersigned finds this reasoning persuasive.

In this case, the Agreement constitutes a compromise of Plaintiffs' claims; the Motion states a reasonable basis for such compromise (see *supra*); and the parties represent that Plaintiffs' claims were resolved separately and apart from the issue of attorneys' fees and costs.  Given the record in this case, there is no reason to believe the Plaintiffs' respective recoveries are

adversely affected by the amount of fees and costs to be paid to Plaintiffs' counsel. Accordingly, it is **RECOMMENDED** that the Court find the Agreement to be fair and reasonable.

**THEREON**, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 29) be **GRANTED** only to the extent that the Court finds the parties' settlement is fair and reasonable; and

2. The Court enter an order dismissing the case with prejudice and direct the Clerk to close the case.

A party failing to file written objection to a magistrate judge's findings or recommendations within fourteen (14) days of issuance of the Report and Recommendation, waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida on October 27, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy